UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAMERON G. ROUPE,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES STRICKLAND, et al.,<br><br>    Defendants. | Case No. C13-2131 JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Cameron G. Roupe, a prisoner proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that on March 26, 2012, Defendant Strickland used unlawful force during Plaintiff's arrest and caused Plaintiff to suffer injuries for which he was later treated at the Providence Medical Center in Washington.  Dkt. 9.  Defendant James Strickland moves to dismiss this case as a discovery sanction for Plaintiff's refusal to attend his noticed deposition and refusal to make initial disclosures and sign a stipulation for the release of Plaintiff's medical records for the past ten years.  Dkt. 39.  Under separate Order, the Court extended the parties' discovery deadline to August 1, 2014 and denied Plaintiff's motion to compel (Dkt. 38) based on Defendant Strickland's representation that all documents requested had already been produced.  Dkt. 53.

According to Defendant Strickland, a deposition of Plaintiff was properly arranged to be taken on March 14, 2014 at the Airway Heights Corrections Center (AHCC) where Plaintiff is

REPORT AND RECOMMENDATION - 1

1  incarcerated, and Plaintiff was provided a month's notice of deposition in accordance with this

2  Court's local rule 30(a)(2)[1].  Defendant contends that he incurred thousands of dollars of

3  attorneys' fees, transportation costs and court reporter fees, when Plaintiff refused to participate

4  in his deposition.  Dkt. 39, pp. 2-3.  Defendant also contends that Plaintiff has refused to make

5  initial disclosures providing the identity of his health care providers for the past ten years and has

6  ignored requests to provide a written authorization allowing Defendant to obtain his medical

7  records.  *Id.*, p. 3.  Defendant Strickland also contends that Plaintiff filed no motion for

8  protective order.

9       On March 3, 2014, the Court received Plaintiff's objection to the scheduled deposition.

10  The objection states on its face that it is to be noted on the Court's calendar for March 21, 2014.

11  Dkt. 34.  The objection was filed with the Court but through no fault of Plaintiff's, it was not

12  placed on the Court's calendar.   On February 25, 2013, Plaintiff wrote a letter to Defendant

13  Strickland's counsel stating that he had filed an objection, noted it for March 21, 2014, and that

14  if counsel chose to disregard the motion and come to the AHCC despite the pending motion,

15  Plaintiff would not agree to the deposition.  In a letter dated March 4, 2012, counsel for

16  Defendant Strickland acknowledged receipt of Plaintiff's objection, advised him that pursuant to

17  Local Rule 30(a)(2), no further order from the court is required, and that the deposition would

18  proceed on March 14, 2014.  Dkt. 52-2, p. 5.  Plaintiff also objected to the broad scope of

---

[1] LR 30(a)(2) provides:  If a party wishes to take the deposition of a person in custody, the party shall attempt to reach agreement with officials of the institution as to date, time, place, and maximum duration of the deposition. If agreement is reached, the party taking the deposition shall give notice as provided in Fed. R. Civ. P. 30(b), and no further order of the court is required.  If agreement is not reached, the party noting the deposition shall serve a notice, at least 14 days before the proposed deposition, on the deponent, all other parties, the superintendent of the institution, and the attorney for the institution (e.g., the Washington Attorney General for a state prisoner, or the United States Attorney for a federal prisoner).  Not later than seven days before the proposed deposition, the attorney for the institution may file, serve and note a motion objecting to the proposed deposition.  In that event, the deposition shall not proceed until the court has ruled on the motion.  In the absence of a timely motion, the deposition may proceed as noted without further order of the court.

REPORT AND RECOMMENDATION - 2

Defendant Strickland's proposed written authorization relating to his medical records and offered to sign one that was limited to records relevant to his injuries made the subject of this lawsuit. *Id.*, pp. 10-11.

## DISCUSSION

Sanctions are appropriate for a refusal to attend a deposition. See *Estrada v. Rowland,* 69 F.3d 405, 406 (9th Cir. 1995). Under the Federal Rules of Civil Procedure, the court may dismiss a case as an appropriate sanction for a discovery violation. See Fed.R.Civ.P. 37(d)(c); 37(b)(2)(A)(v). Under the circumstances of this case, however, the requested sanction is not appropriate. As noted above, Plaintiff believed that his objection to the deposition was pending before the Court. He also objected in writing to the scope of the requested release form. The federal rules do not require Plaintiff to make initial disclosures or sign medical release forms. Defendant Strickland is also not entitled to fees incurred in attending a deposition when he had received notice of Plaintiff's filed objection and was aware that Plaintiff was clearly awaiting a ruling on his objection. As Plaintiff does not have the same electronic access to the Court's docket as does counsel for Defendant Strickland, Plaintiff could not have been aware that his objection had not been noted for hearing.

However, contrary to Plaintiff's belief, this Court's Pretrial Scheduling Order does allow the parties in this lawsuit to proceed with discovery, including depositions, interrogatories, and requests for production. Dkt. 26, pp. 1-2, citing Fed.R. Civ. 30, 33 and 34. Defendant Strickland was not required to seek leave of this Court prior to scheduling Plaintiff's deposition. Therefore, Plaintiff must appear for his deposition after receiving proper notice from Defendant Strickland. The Court declines to limit the parties' deposition discovery to written questions as requested by Plaintiff. The parties may certainly agree to such a limitation, but there has been no showing

REPORT AND RECOMMENDATION - 3

warranting a Court order limiting deposition discovery to written questions.

With regard to Plaintiff's medical records, prisoners are exempted from Fed.R.Civ.P. 26(a)(1)(A)'s requirement to make initial disclosures. There is also no federal rule requiring Plaintiff to sign a medical authorization for the release of his medical records. Naturally, Plaintiff may voluntarily sign a medical authorization. However, Defendant is entitled to discovery of any non-privileged matter that is relevant to Plaintiff's claims. Plaintiff's medical records relating to his claims of injury in this case are certainly relevant. Plaintiff is required to produce copies of relevant medical records if requested pursuant to Fed.R.Civ.P. 34. A request under Rule 34 will allow Plaintiff time to respond and/or object as appropriate under the rule. If Plaintiff objects to the production of any medical records requested, he has the burden of clarifying, explaining, and supporting his objection to the production. It does not appear that Defendant Strickland has yet made a Rule 34 request for production.

The Court recommends that Defendant Strickland's motion to dismiss and motion for sanctions be **DENIED** and that Plaintiff be **ORDERED** to appear at his deposition at a date and time noticed by Defendant Strickland at ACHH.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **April 28, 2014.** The Clerk should note the matter for **May 2, 2014**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the

REPORT AND RECOMMENDATION - 4


Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed twelve (12) pages.  The failure to timely object may affect the right to appeal.

DATED this 7th day of April, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5