THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   CAMERON G. ROUPE,                         CASE NO. C13-2131-JCC-BAT

10                        Plaintiff,          ORDER

11              v.

12   JAMES STRICKLAND, et al.,

13                        Defendants.

14

15        This matter comes before the Court on Plaintiff's objections to the Order of the

16   Honorable Brian A. Tsuchida, United States Magistrate Judge, denying Plaintiff leave to file an

17   amended complaint. (Dkt. No. 112.) Having thoroughly considered the Order, Plaintiff's

18   objections thereto, and the balance of the record, the Court finds oral argument unnecessary and

19   hereby OVERRULES the objections.

20   **I.    BACKGROUND**

21        Plaintiff filed a civil rights complaint on June 12, 2013, alleging that Defendants, certain

22   officers of the City of Marysville Police Department, violated his civil rights when Defendant

23   Strickland wrongfully tased him while he was in restraints and being treated at the Providence

24   Everett Medical center for other injuries related to his arrest. (*See* Dkt. No. 9.) Plaintiff moved to

25   amend his complaint to add Mr. Richard L. Smith, the Chief of Police of the City of Marysville,

26   as a defendant. (*See* Dkt. No. 95.) The factual allegations against Mr. Smith are that he "failed to

1    assure [sic] that Defendant Strickland was adequately trained in the use of a TASER and failed to

2    require Defendant Strickland to periodically complete a refresher course after Strickland's initial

3    certification." (Dkt. No. 95 at 16, ¶¶ 29, 31.)

4        Judge Tsuchida denied Plaintiff's motion to file an amended complaint, on the grounds

5    that such an amendment would be futile, as Plaintiff's proposed amended complaint contained

6    "no non-conclusory factual allegations relating to Chief Smith's conduct." (Dkt. No. 103 at 2.)

7    Plaintiff filed objections to the Order under Rule 72(a). (Dkt. No. 112.)

8    **II.     DISCUSSION**

9        When deciding whether a magistrate judge properly denied a party leave to file an

10   amended pleading because amendment would be futile, the Court reviews the magistrate judge's

11   order *de novo*. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010)

12   ("When the district court denies leave to amend because of futility of amendment, [the Ninth

13   Circuit] will uphold such denial if 'it is clear, upon *de novo* review, that the complaint would not

14   be saved by any amendment.'") (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522,

15   532 (9th Cir. 2008)). Of course, extra caution is warranted in "approving a . . . decision to deny

16   pro se litigants leave to amend." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir.

17   2002). However, it is not an abuse of discretion for a district court to deny leave to amend where

18   amendment would be futile. *Id.*

19       Under 42 U.S.C. § 1983, to state a claim for relief against a government official, "a

20   plaintiff must plead that each Government-official defendant, through the official's own

21   individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

22   "Government officials may not be held liable for the unconstitutional conduct of their

23   subordinates under a theory of *respondeat superior*," in § 1983 lawsuits. *Id.* While "there are

24   limited circumstances in which an allegation of a 'failure to train' can be the basis for liability

25   under § 1983," *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (9th Cir. 1989), "the

26   inadequacy of police training may serve as the basis for § 1983 liability only where the failure to

train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at 388. However, this is a relatively high standard, because "permitting cases against [superiors] for their 'failure to train' employees to go forward under § 1983 on a lesser standard of fault would result in *de facto respondeat superior*," and would "engage the federal courts in an endless exercise of second-guessing municipal employee-training programs." *Id.* at 392. Because Plaintiff does not assert that Mr. Smith did anything apart from failing to ensure that Defendant Strickland was properly trained in the use and reporting requirements of a taser, the Court will analyze the allegations against Mr. Smith under the deliberate indifference standard.

Deliberate indifference "'is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997)). Thus, it is only when the superiors "are on actual or constructive notice that a particular omission in [the] training program causes . . . employees to violate citizens' constitutional rights" that a superior may be deemed deliberately indifferent. *Connick*, 131 S.C.t at 1360. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Id.* (quoting *Bryan Cnty.*, 520 U.S. at 409). Plaintiff must plead sufficient facts for the Court to find it "plausible" that there has been deliberate indifference in his complaint, and may not merely plead conclusory allegations. *See Iqbal*, 556 U.S. at 681.

Here, the sole allegation against Mr. Smith is that he failed to periodically require Defendant Strickland "to take a refresher courses [sic] on the use and reporting practices of taser use," (Dkt. No. 95 at 16, ¶ 31), and "failed to assure [sic] that Defendant Strickland was adequately trained in the use of a TASER." (Dkt. No. 95 at 16, ¶ 29.) Plaintiff's allegation that Mr. Smith failed to ensure that Defendant Strickland was properly trained is conclusory. His allegation that Mr. Smith failed to require Defendant Strickland to take refresher courses is not

sufficient to show deliberate indifference. Plaintiff does not allege that Mr. Smith was aware of a past pattern of improper taser use, or even that such a pattern existed. Moreover, Plaintiff does not allege facts that support his contention that Mr. Smith failed to require Defendant Strickland to properly train. As Judge Tsuchida notes, Plaintiff also alleges that Defendant Strickland intentionally violated the City of Marysville's taser policies, (*see* Dkt. No. 95 at 17, ¶ 32), but does not allege that the "training provided was insufficient or that Chief Smith was aware of the need for re-training or additional training. Instead, he alleges that there were appropriate policies in place which Defendant Strickland allegedly chose to ignore." (Dkt. No. 103 at 3.) These allegations are inconsistent with Mr. Smith showing "deliberate indifference" to Plaintiff's Constitutional rights. In combination with Plaintiff's failure to support his allegations of improper training with facts, the Court cannot find it plausible that Mr. Smith was deliberately indifferent to the risk of a constitutional violation.

## III.   CONCLUSION

For the foregoing reasons, the Court hereby OVERRULES Plaintiff's objections to Judge Tsuchida's Order. (Dkt. No. 112.) Plaintiff's motion for leave to file an amended complaint is DENIED because amendment would be futile, as Plaintiff has not stated a claim for relief against Mr. Smith.  The Clerk is directed to send a copy of this Order to the parties and to Judge Tsuchida.

DATED this 29th day of July 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4