UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAMERON G. ROUPE,

Plaintiff,

v.

JAMES STRICKLAND,

Defendant.

Case No. C13-2131 JCC-BAT

**ORDER DIRECTING PROVIDENCE EVERETT MEDICAL CENTER TO PRODUCE RECORDS**

Defendants Strickland and Veach request that this Court to hold Providence Everett Medical Center (Providence EMC) in contempt for failure to comply with a subpoena to produce medical records of Plaintiff Cameron G. Roupe, to order Providence EMC to produce the records and to pay Defendants' attorneys fees and costs. Dkt. 118.

**BACKGROUND**

Plaintiff Cameron G. Roupe alleges that Defendant Strickland used unlawful force and caused injury to him at Providence EMC, where Mr. Roupe was taken for medical treatment after his arrest. Mr. Roupe claims physical and mental/psychological injuries. He also claims that he was denied medical treatment.

Defendants have attempted to obtain records of Mr. Roupe's condition and health care from Providence EMC. The Court has previously held that these records are relevant and

discoverable. Dkt. 59, p. 4 ("Plaintiff's medical records relating to his claims of injury in this case are certainly relevant. Plaintiff is required to produce copies of relevant medical records if requested pursuant to Fed. R. Civ. P. 34.")

Mr. Roupe has never produced records relating to his care at Providence EMC. He also refused to sign an authorization to allow Defendants to obtain his records. Thereafter, Defendants attempted to obtain the records directly from Providence EMC by serving its registered agent with notice of Defendants' intent to serve a subpoena for all records in its possession relating to Mr. Roupe. The notice informed Providence EMC and Mr. Roupe that Providence EMC was obligated to produce its records unless a protective order was obtained, pursuant to RCW 70.020.060. Dkt. 119, Declaration of John T. Kugler, Exhibit C.

Mr. Roupe filed a motion for a protective order which this Court denied by Order dated June 16, 2014. Dkt. 102. The court specifically determined that these records are relevant and not privileged and even if there were a privilege, it was waived when Mr. Roupe commenced this action claiming physical and mental harm. *Id.*, pp. 3-4.

Providence EMC did not object to disclosure of its records nor seek a protective order in response to the notice of subpoena. On June 16, 2014, Defendants served Providence EMC with a subpoena for Mr. Roupe's records. *Id.*, Exhibit D. Consistent with the earlier notice, the subpoena commanded Providence EMC to produce all records in its possession relating to Mr. Roupe by June 27, 2014. The court's subpoena form was used, which notified Providence EMC of its duties with respect to the subpoena consistent with Federal Rule of Civil Procedure 45(c), (d) and (e). The subpoena further gave notice that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Id.*, Id., p. 2 and Exhibit D.

Providence EMC made no objection to the subpoena and did not seek a motion for protective order but failed to produce its records as required by the subpoena. On July 18, 2014, Defendants' attorney called Providence EMC regarding the status of its production of records and was transferred to Amy at Provide EMC's Release of Information Desk. Dkt. 119, Kugler Decl., p. 2 and Exhibit C. His message asking for a phone call was not returned. On July 28, 2014, Defendants' attorney again called Providence EMC regarding the status of its production of records. Amy confirmed that Providence EMC received the subpoena, that she was still gathering records, and that the records "may" be available to send out on July 30, 2014. Mr. Kugler discussed the Court's June 16, 2014 Order with Amy and faxed a copy of the Order to her. *Id.*, p. 3, Exhibit F.

Providence EMC subsequently provided Defendants with a form stating "we are unable to process your request at this time for the following reason . . . . see request." Attached to the form were copies of the notice letter, subpoena, the Court's June 16, 2014 Order, and letters from counsel for Defendants, with the handwritten comment: "unable to release records that subpoena does not cover. Please provide specific auth or court order signed by judge." *Id.*, p. 3, Exhibit G. No records were produced.

**DISCUSSION**

Federal Rule of Civil Procedure 45 permits the use of a subpoena to command the production or permit inspection of responsive documents or other materials in the subpoena recipient's possession, custody, or control. Fed.R.Civ.P. 45(a)(1)(A)(iii). After service, the recipient may comply with the subpoena, submit an objection, or move to quash or modify the subpoena according to the procedures set forth in Rule 45. Fed.R.Civ.P. 45(c)-(d). "The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to

obey the subpoena." Fed.R.Civ.P. 45(e). Disobedience of a specific and definite court order—in this case a subpoena—through failure to take all reasonable steps to comply constitutes civil contempt. *In re Dual Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir.1993). As explained in the 1991 Amendment to Rule 45: "Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."

A finding of contempt is not appropriate if the response is based on a good faith and reasonable interpretation of the court order's demands. *Id*. (*citing Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc*., 689 F.2d 885, 889 (9th Cir.1982)). The Court may impose sanctions for contempt, including attorney's fees and costs, in order to coerce compliance and/or compensate defendants for related injuries. *Int'l Union v. Bagwell*, 512 U.S. 821, 829 (1994) (*citing United States v. United Mine Workers of America*, 330 U.S. 258, 303–04 (1947)); *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir.1985).

Here, Providence EMC has provided no excuse to this Court as to why it has failed to comply with the subpoena. Instead, it requested Defendants to provide it with a specific court order signed by a judge because "it was unable to release records that the subpoena does not cover." It is entirely unclear what this means as the record reflects that Providence EMC was not being asked to release any records that were not referred to within the subpoena. Under these circumstances, it is appropriate to find Providence EMC in contempt but the Court is reluctant to impose monetary sanctions at this time. **Instead, by this Order, the Court specifically directs Providence EMC to comply with the subpoena served on it by Defendants and to produce the records referred to within the subpoena or risk an order of contempt and possible**

**monetary sanctions.**

Accordingly, it is **ORDERED:**

(1) Providence Everett Medical Center shall produce all records of Plaintiff Cameron G. Roupe as described in the subpoena served on it by Mr. Kugler. The records shall be produced to the Defendants within **ten (10) days** of receipt of this order.

(2) If Providence Everett Medical Center fails to comply with this Order, the Court will hold Providence Everett Medical Center in contempt and may be subject to monetary sanctions.

(3) The Clerk shall send copies of this Order to Plaintiff, counsel for Defendants, and to the **Attn: Ann Roll, Manager, Providence Medical Center Everett, 1700 13th St., Everett, Washington 98201.**

DATED this 18th day of August, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge