THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAMERON G. ROUPE,<br><br>Plaintiff,<br><br>v.<br><br>JAMES STRICKLAND and ADAM VEACH,<br><br>Defendants. | CASE NO. C13-2131-JCC-BAT<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY |

This matter comes before the Court on Defendants' motion for summary judgment based on qualified immunity (Dkt. No. 128), the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 140), Plaintiff's response to the motion for summary judgment (Dkt. No. 142), Plaintiff's objections to the R&R (Dkt. No. 143), and Defendants' reply (Dkt. No. 145). Having thoroughly considered the parties' briefing, the R&R, and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion and adopts the R&R for the reasons explained herein.

I.   BACKGROUND

In this 42 U.S.C. § 1983 action, Plaintiff Cameron G. Roupe alleges that Defendant Strickland violated his constitutional rights when he unlawfully tased him in the scrotum and that Defendant Veach violated his constitutional rights when he stood by and failed to report

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT BASED ON QUALIFIED
IMMUNITY
PAGE - 1

Defendant Strickland's use of the taser. (Dkt. No. 9.) Defendants move for summary judgment based on qualified immunity. (Dkt. No. 128.)

The factual background of the case is discussed in depth in the R&R (Dkt. No. 140 at 1-7) and the Court will not rehearse those facts here. However, the R&R does not discuss some of the details of Plaintiff's tasering claim that are relevant for the instant motion. Specifically, Defendants' claim of qualified immunity must be assessed in light of Plaintiff's claim that Defendant Strickland's decision to tase him was a direct response to a defiant comment by Plaintiff, and was not intended to address any physical threat posed by Plaintiff. (Dkt. No. 9 at 10-11.) Plaintiff alleges that, in response to his comment, Defendant Strickland "shut the curtain that surrounded Plaintiff's restraint bed, pulled out his taser, pointed the tazer at Plaintiff's crotch area and fired the tazer, striking Plaintiff on his scrotum." (Dkt. No. 9 at 11.) Plaintiff further alleges that the tazering "left serious, severe, red and blue, puffy marks and abrasions upon [his] scrotum." (Ex. 1., Dkt. No. 142 at 14.)

## II.   DISCUSSION

### A.   Standard of Review

This Court reviews the record *de novo* when considering objections to a magistrate judge's R&R. *See* 28 U.S.C. § 636(b)(1). Because Plaintiff is proceeding pro se, this Court must interpret his complaint and objections liberally. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Here, the R&R was issued before Plaintiff responded to the motion for summary judgment. The document that Plaintiff filed as an "objection" to the R&R (Dkt. No. 143) does not raise any new objections, and instead asks the Court to decline to accept the R&R for reasons that are addressed in his response to the motion for summary judgment. (Dkt. No. 142.) The Court therefore considers Plaintiff's response to the motion (Dkt. No. 142) as an

objection to the R&R.

### B. Summary Judgment

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn there from in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### C. Qualified Immunity Standard

Government officials acting under color of law are shielded from civil liability for constitutional violations unless every reasonable official in the defendant official's position would have recognized the conduct in question to constitute a constitutional violation.

Qualified immunity shields government officials from "liability for civil damages insofar

as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A right is clearly established if the "contours of the right [are] sufficiently clear that [every] reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). *See also Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011).

### D. Excessive Use of Force

As discussed in the R&R, in determining whether the use of force against a prisoner violates the Eighth Amendment, the core inquiry is whether the force was applied "in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The determination of whether force is excessive and violative of the Eighth Amendment involves an evaluation of both the objective and subjective components of the alleged violation. *Id*. The subjective component relates to whether or not the defendant had a "wanton" state of mind when he engaged in the use of force. *Id*.

Here, the Court agrees with the R&R in the determination that Officer Strickland used the taser because Mr. Roupe posed an immediate threat to the safety of Officer Chad Lisenby when he grabbed Mr. Lisenby's fingers and bent them backwards.

Had Officer Strickland used the taser in the manner alleged in Plaintiff's complaint, the use of force might well be characterized as excessive, since the allegations suggest that the point of the tasering was to maliciously and sadistically cause harm, and because this would have required a wanton state of mind. However, as outlined in the R&R, there is virtually no evidence

in the record to support these allegations. Mr. Roupe never reported taser injuries to hospital medical staff; there is no reference anywhere in the Providence EMC records to any complaint by Mr. Roupe that he was tased in the scrotum or genitals; there is no record that he reported symptoms involving his scrotum or genitals; Snohomish County Jail records of the medical and psychiatric assessment performed when Mr. Roupe was booked into the jail address Mr. Roupe's complaints about other injuries, but say nothing about injuries to the scrotum or genitals; Mr. Roupe's complaint with the Marysville Police Department did allege that he was unlawfully tazed, but did not include any claim that he was tased in the scrotum or genitals. Moreover, the Declaration that Mr. Roupe submitted in support of the instant complaint first claims that Defendant Strickland "applied the Taser to [his] thigh" (Ex. 1, Dkt. No. 142 at 6) before saying that the tasering injured his scrotum (*Id*. at 14). If the injury to the scrotum was an incidental consequence of having been tasered in the thigh in an effort to secure Officer Lisenby's safety, it would not have been the result of a wanton state of mind.

The Court therefore finds that, when viewed in the light most favorable to Mr. Roupe, there is insufficient evidence for a reasonable jury to conclude that Officer Strickland's use of force was excessive. The violations of Marysville Police Department tasering policies that are alleged in Plaintiff's pleadings do not amount to evidence of excessive force sufficient to change this analysis. (Dkt. No. 142 at 12-25.) Consequently, there is no genuine issue of material fact as to this issue, and Defendant Strickland is entitled to summary judgment.

### E.   Claim Against Defendant Veach

The Court agrees with the R&R on this issue. There is no evidence that Officer Veach deprived Mr. Roupe of any federally protected right. Officer Veach is therefore entitled to summary judgment.

### III. CONCLUSION

For the foregoing reasons, the Court does hereby find and ORDER:

(1) The Court adopts the Report and Recommendation.

(2) Defendants' motion for summary judgment (Dkt. No. 128) is GRANTED and all of Plaintiff's claims are DISMISSED with prejudice.

(3) The Clerk is directed to send copies of this Order to Plaintiff and to Judge Tsuchida.

DATED this 6th day of January 2015.

_(signature)_

John C. Coughenour
UNITED STATES DISTRICT JUDGE